[Cite as *State v. Hogue*, 2011-Ohio-3806.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| RICKY A. HOGUE | : | Case No. 10-CA-136 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas,
                                Case No. 2009CR00367


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         July 29, 2011


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

DANIEL H. HUSTON                        ERIN J. MCENANEY
20 South Second Street                  21 West Church Street
4th Floor                               Suite 201
Newark, OH  43055                       Newark, OH  43055

*Farmer, J.*

{¶1}    On July 31, 2009, the Licking County Grand Jury indicted appellant, Ricky Hogue, on one count of aggravated burglary in violation of R.C. 2911.11.  Said charge arose from an incident wherein appellant entered his former girlfriend's residence via a back window, entered her bedroom, and punched her companion in the face.

{¶2}    A jury trial commenced on April 8, 2010.  The jury found appellant guilty of burglary in violation of R.C. 2911.12 and assault in violation of R.C. 2903.13.  By judgment entry filed June 9, 2010, the trial court sentenced appellant to three years of community control which included a sentence of ninety days in jail.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}    "THE CONVICTION OF THE DEFENDANT-APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED BELOW."

I

{¶5}    Appellant claims his conviction for burglary was against the manifest weight of the evidence because he had "privilege" to be inside the residence and therefore he could not have committed a trespass.[1]  We disagree.

{¶6}    On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly

---

[1]We note appellant does not challenge his conviction for assault.

lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶7} Appellant was convicted of burglary in violation of R.C. 2911.12 which states the following:

{¶8} "(A) No person, by force, stealth, or deception, shall do any of the following:

{¶9} "(1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense;

{¶10} "(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense;

{¶11} "(3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense;

{¶12} "(4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."

{¶13} "Trespass" is defined in R.C. 2911.21(A)(1) in pertinent part as, "[n]o person, without privilege to do so, shall***[k]nowingly enter or remain on the land or premises of another."

{¶14} During opening statement, defense counsel admitted appellant was in the residence of his girlfriend, Stacey Wise, on the evening in question, and agreed that the facts were essentially uncontested; however, defense counsel argued appellant had privilege to be there:

{¶15} "Now, you have heard the prosecutor say that he anticipates he's going to present evidence that on July 25, 2009, that Mr. Hogue came into the house of Stacey Wise. And we don't deny that.

{¶16} "***

{¶17} "But I also anticipate you're going to hear evidence that Mr. Hogue and Stacey Wise were not an ex-boyfriend/girlfriend and that, in fact, they had maintained a relationship. Not only that but Mr. Hogue had consent to be in the residence and was there on a regular basis." T. at 54.

{¶18} "Privilege" is defined in R.C. 2901.01(A)(12) as, "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity."

{¶19} Appellant admitted he was no longer living at Ms. Wise's residence when he climbed in through the back window on July 25, 2009. T. at 221. He had signed a lease for his own apartment on April 24, 2009. T. at 136; State's Exhibit 4-A and 4-B.

Appellant described their relationship from May 2009 to July 25, 2009 as "sometimes apart." T. at 221. However, he "always felt that I lived there." T. at 222. Appellant testified that he spent the night at the residence on July 22, 2009. T. at 224. Ms. Wise testified that appellant moved out of her residence in April of 2009, but admitted to having contact with him after the move, and that he sometimes continued to sleep there. T. at 60-64. Sometimes appellant's twelve year old son stayed too. T. at 60-63. However, while Ms. Wise provided them a place to sleep, she testified appellant was not allowed to "come and go as he pleased" in regard to her residence. T. at 64. Appellant was not a resident there and as far as Ms. Wise knew, appellant never had a key to her residence. Id.

{¶20} Within the facts is specific testimony about the nature of the residence as it bears on "privilege." Appellant stated he had a key to the residence, but never used it because the doors were never locked. T. at 225. However, Ms. Wise testified to changing the locks on the doors after appellant moved out. T. at 64. She specifically recalled locking the entry doors to the residence on July 25, 2009 which appellant conceded to as he admitted to going in through a window. T. at 85, 87, 232-233, 261. The police officer who investigated the scene found a screen out of a large back window, and mud on the interior floor by the window and on the bedroom door which was kicked in by appellant. T. at 161-163. Appellant admitted to taking the screen out and gaining access to the residence via the back window. T. at 234.

{¶21} On July 24, 2009, appellant went over to Ms. Wise's residence to retrieve some fishing gear. T. at 227. While there, appellant observed an overnight bag next to the room used by his son. T. at 229. It had a bag tag on it with the name "Jimmy

Jones."  Id.   Appellant then left the residence, but returned a short time later to see if Ms. Wise had returned.  T. at 230, 232.  Upon seeing that she had returned, appellant exited his vehicle, found the doors locked, walked by the open bedroom window overhearing sounds of intimacy, removed the screen from the back window and entered the residence.  T. at 232-234.  Appellant wanted to gain entry to the residence to find out "what was going on."  T. at 235.  He wanted to "confront" Ms. Wise.  Id.

{¶22}  We find the diminished relationship between appellant and Ms. Wise, the separate residences, the locked doors, and the presence of another lover in Ms. Wise's residence all substantially impacted on the credibility of appellant and his claim of privilege.  The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact.  *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.  The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page."  *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶23}  Upon review, we find sufficient credible evidence of a forcible entry into a locked home without privilege to do so, and no manifest miscarriage of justice.

{¶24}  The sole assignment of error is denied.

{¶25} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.


_s/ Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s/ Patricia A. Delaney_____

JUDGES

SGF/sg 714

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RICKY A. HOGUE | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10-CA-136 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s/ Patricia A. Delaney_____

JUDGES